Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

FILED

OCT 15 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD JOSEPH WALSH,<br><br>        Defendant. | No. 2:18-CV-2769 KJM EFB PS<br><br>**COMPLAINT FOR DAMAGES**<br>Trial by Jury not requested |

**Preliminary Statement**

Plaintiff MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges on information and belief as follows

    1.    Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about

1

the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, RICHARD JOSEPH WALSH . ("DEFENDANT " or "SYNERGY") placed telemarketing calls to a telephone number Mr. Aussieker had registered on the national Do Not Call Registry.

3. Mr. Aussieker never consented to receive these calls, and they were placed to him for telemarketing purposes.

4. Plaintiff Mark Aussieker is a resident of the state of California.

5. RICHARD JOSEPH WALSH. is a licensed contractor and operates Synergy Home Improvements as a sole proprietorship.

6. SYNERGY may have hired a vendor to provide the "heavy lifting" for locating, qualifying, coordinating potential customers. SYNERGY is liable for the vendors actions per *Charvat v. Echostar* and *United States v. Dish Network* matters (FCC-13-54A1 (Dec. Ruling))

7. Alicia Lampert, is the sales rep who was assigned a lead by Synergy, but is not licensed as a contractor nor employed by SYNERGY as a home improvement person.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

11. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632, 632.7 and 637.2.

12. This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

## TCPA Background

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**THE TCPA PROHIBITS TELEMARKETING CALLS TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY, UNLESS THE CALLER *HAS THE RECIPIENT'S SIGNED, WRITTEN CONSENT.***

14. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47

C.F.R. § 64.1200(c)(2).

16. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

17. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller.

47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

18. Plaintiffs phone number ending in 8006 was added to the DNC list in February 2003

19. SYNERGY is a licensed contractor is authorized to sell Heating and ventilation equipment in California

20. Upon information and belief, on or about October 10th, 2018 Defendant or its authorized agent placed a prerecorded voice message telephone call (the "First Call") to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling consumer goods and services. During and/or in regard to the First Call, Defendant knowingly and/or willfully:

- o Called Plaintiffs cellular telephone without Plaintiff's prior express consent or approval
- o Failed to voluntarily state the name of the caller;
- o Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

- Offered a "FREE" energy audit to Plaintiff, but failed to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" energy audit was contingent
- Offered to administer "tax rebates" on Behalf of the California Renewal Energy Program to Plaintiff, but failed to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the " tax rebates" was possible. contingent, and whether such rebates existed.
- Failed to record Plaintiffs name and telephone number(s) on its Do-Not-Call List

21. A screenshot of this phone call is attached as exhibit A

22. Upon information and belief, on October 11th, 2018, Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Second Call") to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling consumer goods and services.

23. During and/or in regard to the Second Call, Defendant knowingly and/or willfully:

 a. Called Plaintiff's cell phone without prior express consent or approval;

 b. Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

 c. Failed to voluntarily state the name of the caller;

 d. Failed to voluntarily state the caller's telephone number or address;

 e. Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

 f. Failed to honor the recipient's previous request that the caller place Plaintiffs

5

name on its Do-Not-Call List.

    g.    Offered a "FREE" energy audit to Plaintiff, but failed to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" energy audit was contingent

    h.    Offered to administer "tax rebates" on Behalf of the California Renewal Energy Program to Plaintiff, but failed to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the " tax rebates" was possible. contingent, and whether such rebates

24. A screenshot of this phone call is attached as exhibit B

25. Plaintiff pressed "one" to be connected to a live operator after the pre recorded message ended, in order to meet the calling party face to face and to obtain a free energy audit.

26. Plaintiff requested that the "Free" energy audit be performed by a home inspector who meets the requirements of Article 8 (commencing with Section 1670) of Chapter 4 of Division 2 of Title 20 of the California Code of Regulations- aka HERS rater.

27. Plaintiff is informed and believes and on that ground alleges that, at all relevant, and without warning callers that their calls could be recorded or monitored, Defendants and their vendor, intentionally used technology consisting of hardware and/or software to carry out a practice and policy of recording and/or intercepting (i.e.,monitoring) and/or eavesdropping upon those calls "leads" that were made then sold to Defendant.

28. The telemarketer Scheduled a 9AM energy audit at the Plaintiffs residence the following day, 10/12/18.

29. Lampert called at 9am to indicate she was running late, but announced she was

6

working for the "California Renewable Energy Program." Mrs. Lampert would arrive 2 hours late while wearing a shirt with same company name and would later prepare a bid on the letterhead of the "California Renewable Energy Program"

30. Defendant Lampert inspected the house and found the system to have a 4 ton 80% AFUE.

31. Lampert suggested increasing the HVAC tonnage by 25% to go to a 5 ton a 16 seer system , 80 AFUE.

32. Lampert represented that plaintiff could replace an , 80 AFUE with an , 80 AFUE, even though it was increasing the BTU's by 12,000

33. Lampert claimed to have the authority of a salesperson negotiate the final terms of a transaction with a consumer.

34. Lampert written estimate shows that the standard pricing was $18,900.

35. Lambert furnished an estimate of $18,900 and gave a $2,000 discount for paying with cash since finance companies charged Defendant Synergy a $2000 loan origination fees. Lampert represented that reduction in price was the equal to amount that a finance company would charge the defendant to fund plaintiffs the project.

36. Lampert reduced the price another $2,800 with a price match, thereafter drafting a contract with Plaintiff for the purchase and install of a HVAC unit.

37. The CSLB has no record of Lampert working for Defendant Synergy.

38. The CSLB has no record of any company called "California Renewable Energy"

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### COUNT 1

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)**

37. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

38. Defendant's own conduct and/or by the fact that others made those calls on its behalf, ignoring the Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

39. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) . Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling, not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 2

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)**

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing

to maintain a record of Plaintiffs previous demand that the Plaintiffs name and telephone number go on its Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

42. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling, not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

### (1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Auto Dialer

43. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

44. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(D) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 4

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

**§227(b)(1)(A)(iii)** – Auto Dialer

46. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

47. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(D) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 5

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

**§227(b)(1)(A)(iii) – Pre Record Message**

49. Defendants' conduct, in placing the Call to Plaintiff's cell phone to deliver an unsolicited pre recorded message to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

50. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in placing the Call to Plaintiff's cell phone to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(l)(B) and CFR 47§64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation

## COUNT 6

## (2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Pre Recorded Message

51. Defendants' conduct, in placing the Call to Plaintiff's cell phone to deliver an unsolicited pre recorded message to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

52. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in placing the Call to Plaintiff's cell phone to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and CFR 47§64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation

## COUNT 7

## Unlawful Recording and Intercepting of Communications against Defendants

## (Violation of California Penal Code § 632.7)

53. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

54. Plaintiff participated in calls that he received while within the State of California and that originated by and through defendants call centers. Plaintiff used a cellular telephone to engage in those conversations. Plaintiff is informed and believes and on that ground alleges that, at all relevant times,

55. Defendants and their vendor, had a policy and practice of using hardware and/or software that enabled them to surreptitiously record and/or monitor conversations with

Plaintiff who used cellular or cordless telephones to receive calls from defendant.

56. Defendants and their vendor, had and followed a policy and practice of not disclosing to Plaintiff that their cellular calls were recorded and/or monitored, Defendants and their vendor, did not obtain, and could not have obtained, express or implied advance consent to the recording or monitoring of those conversations. As a result, plaintiff had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See Kearney v. Salomon Smith Barney (2006) 39 Cal. 4th 95.)

57. Defendants' conduct as described above violated California Penal Code § 632.7(a).Under Penal Code § 637.2, Plaintiff are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

### COUNT 8

**(Violation of California** Business and Professions code § 7160)

**Misrepresenting Lamperts authority to enter into a contract with Plaintiff**

12

58. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

59. Defendants misrepresented Lampert as a Home Improvement Salesperson working for Defendant. Defendant supplied Lampert with the sales leads, company stationary and allowed her to sign on behalf of Defendant, yet she was not employed as a salesperson for Plaintiff.

60. Defendants' conduct as described above violated California Business and Professions code § 7160, Plaintiff are entitled to $500 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. CIV § 1770 A(18) "Misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer."

### COUNT 8

### (Violation of California Business and Professions code § 7160)

### Misrepresenting Sales Presentation

61. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

62. Defendant misrepresented a sales presentation, by calling it a "FREE energy audit." And not disclosing the name of the employing contractor until after the sale had been negotiated.

63. Defendants' conduct as described above violated California Business and Professions code § 7160, Plaintiff are entitled to $500 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Furthermore, said actions are actionable under CIV § 1770 A(18)

13

## COUNT 10

### (Violation of California Business and Professions code § 7160)

### false statements knowingly made

64. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

65. Lamperts written estimate represented to Plaintiff that Defendant would pay a $2000 loan origination fee to finance plaintiff's project, and therefore would discount the project accordingly. Said actions are actionable under CIV § 1770 A(13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.

66. Defendants' conduct as described above violated California Business and Professions code § 7160, Plaintiff are entitled to $500 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

## COUNT 11

### (Violation of California's Customer Records Act)

### (Cal. Civ. Code § 1798.83

67. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

68. In applying for the Free energy audit, Plaintiff disclosed his name, marital status, address, ownership status, security gate code, telephone number and utility payment history. Defendant had this information and recklessly turned it over to Lampert, who is not an employee or a lawful sales representative for Defendant. Defendants' conduct as described

14

above violated Cal. Civ. Code § 1798.83

69. Plaintiff is entitled to per Cal. Civ. Code § 1798.84 $3,000 in statutory damages for the willful, intentional, or reckless violation of Section Cal. Civ. Code § 1798.83.

Respectfully Submitted this 13th Day of October, 2018.

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 13th, 2018.
Signature of Plaintiff _____
Printed Name of Plaintiff   Mark Aussieker

## EXHIBIT A
"First Call"

📶 Sprint LTE          7:28 PM          @ ✈ ✱ 41% 🔋

‹ Recents



**(916) 987-0254**
Folsom, CA

   
message   call   WhatsApp   mail

phone # disconnected as of 10/12/2018

Yesterday
3:28 PM   **Incoming Call**            11 seconds

Share Contact

Share My Location

Create New Contact

Add to Existing Contact


Block this Caller

      
Favorites   Recents   Contacts   Keypad   Voicemail

10/10/18          3:27 PM                                    1.0
916-987-0254      Incoming,

↑ Call log from phone bill.

## EXHIBIT B
## "Second Call"

📶 Sprint 🛜         9:43 PM         @ ✈ ✻ 35% 🔋

‹ Recents



## (916) 941-5322
Folsom, CA

"Non Working #"
as of
10/12/18

   
message    call    WhatsApp    mail

**Today**

1:54 PM   **Incoming Call**                    7 minutes

Share Contact

Share My Location

Create New Contact

Add to Existing Contact

### Robo call for energy savings- appt 10/12 9am with Alicia lampbert

Block this Caller

    
Favorites   Recents   Contacts   Keypad   Voicemail (68)